UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20574

v.

GERALD LAWSON
_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at Defendant's first appearance pursuant to:

           XX     18 U.S.C. § 3142(f)(1).

           \_\_     18 U.S.C. § 3142(f)(2).

\_\_     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

\_\_     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

\_\_     (2)     The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

__ the date of conviction, **or**

__ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

<u>  </u>    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

<u>  </u>    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 23 years of age and a lifelong resident of the Flint area. Defendant stated to Pretrial Services that he has been residing with his girlfriend for approximately the last 18 months. Defendant's mother informed Pretrial Services that she did not know where Defendant was and that Defendant had not been living with her for the last two years. Defendant's father resides out of state. Defendant has no

significant employment history, although he has occasionally undertaken odd jobs such as lawn mowing. Defendant conceded to Pretrial Services that he uses marijuana once or twice a week and preliminary urinalysis screening was positive for marijuana.

In 2003, at age 17, Defendant was convicted of carrying a concealed weapon, a felony offense. Two months later, Defendant failed to appear for a required evaluation. He was thereafter sentenced to probation. Slightly over a year later, Defendant was charged with probation violation and a bench warrant issued. In April 2005, he pled guilty to a violation of probation and probation was continued. Six months later, another bench warrant was issued and in December 2005 Defendant pled guilty to a second probation violation. Defendant's probation was modified. Six months later a third bench warrant issued, however a probation violation hearing was not held for two years and three months. The Assistant United States Attorney represents the delay was because Defendant was a fugitive. I conclude that this is a reasonable presumption under the circumstances. In September 2008, Defendant pled guilty to this probation violation and was sentenced to 365 days in custody with credit for 90 days already served. This chronology would place Defendant's release date less than a month before the incident giving rise to the charge in Count I of the indictment.

The Government represents that this incident involved a traffic stop during which Defendant ran from police. He was ultimately apprehended and a search of the vehicle revealed the presence of crack cocaine and a scale. A 9-mm weapon was found in a yard along Defendant's route of flight. The Government also proffers circumstances revolving around Defendant's arrest, which also involved a traffic stop, and the search of the vehicle occupied by Defendant, which revealed the presence of weapons.

Counsel for Defendant disputes Defendant's ownership of the weapons involved, pointing out that none of the weapons were found on Defendant's person. Defense counsel asserts that Defendant could be released on a bond including conditions of a tether and third-party custodianship.

In light of Defendant's drug use, his previous conviction on a felony weapons charge, and most importantly, his consistent failure to abide by conditions of supervision, I conclude first that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that the proffered bond conditions will not serve to assure the safety of the community. Nor can I find under the circumstances the proffered third-party custodian to be a person I believe could exert sufficient control over Defendant's behavior to be able to effectively function in that capacity. For these reasons, I conclude that there are no conditions nor any combination of conditions which would reasonably assure the safety of the community. Accordingly, the Government motion to detain is granted.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

    s/ Charles E Binder
CHARLES E. BINDER
Dated: July 9, 2010      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and Glenn Simmington, and served on U.S. District Judge Sean F. Cox, Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: July 9, 2010      By    s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder